**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JULIAN CADENA CERDA, ID # 1756320,**    ) | |
| Petitioner,                                                      ) | |
| vs.                                                                      ) | No. 3:13-CV-3347-L  (BH) |
|                                                                             ) | |
| **WILLIAM STEPHENS, Director,**              ) | |
| **Texas Department of Criminal**               ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent.                                                  ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a handwritten petition for habeas corpus relief under 28 U.S.C. § 2254 that was received on August 22, 2013. (*See* doc. 3.) On August 23, 2013, the Court issued a *Notice of Deficiency and Order* notifying him that he had not used the appropriate form and that he had not either paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* (IFP). (*See* doc. 4.) He was ordered to file his petition on the appropriate enclosed form and to either pay the fee or file an IFP motion within 30 days. *Id.* The Court received correspondence from the petitioner that was written in Spanish on September 6, 2013, in which he requested a Spanish translation of the standard form for a petition for habeas corpus relief under 28 U.S.C. § 2254. (*See* doc. 5.) On November 14, 2013, the Court issued a *Second Notice of Deficiency and Order* notifying him that the forms were only available in English, and again ordering him to file his petition on the appropriate enclosed form and to either pay the fee or file an IFP motion within 30 days. (*See* doc. 6.) More than 30 days from the

date of the second notice of deficiency have passed, but the petitioner has not filed an amended federal petition on the correct form or either paid the filing fee or filed an IFP motion.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The petitioner failed to file an amended federal petition on the correct form and to either pay the filing fee or file an IFP motion. He has not filed anything else or otherwise shown that he intends to proceed with this case in federal court.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the petitioner files an amended federal petition on the correct form and either pays the filing fee or files an IFP motion within the time for objection to this recommendation, or some other time set by the Court.

**SIGNED this 3rd day of January, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE